Gaston, J.
 

 The lessor of the plaintiff set up titleto the land in dispute, under a conveyance from the Sheriff, purporting to have been made under an execution sale. The paper exhibited as an execution was a writ
 
 oí fieri facias,
 
 issued from the Court of Pleas and Quarter Sessions of Buncombe county, bearing teste the first Monday after the fourth Monday of September, 1820, returnable to the January Term, 1821, of said Court. It had been returned to that Term “ no goods,” and afterwards the same writ, or rather the same paper, was repeatedly issued to the Sheriff with the indorsation of “alias,” and under it, so re-issued and indorsed, the Sherifflevied on the land in dispute, and made the sale at which the lessor of the plaintiff purchased. The presiding Judge held that the levy and sale were made without authority, and in deference to this opinion the plaintiff submitted to a nonsuit.
 

 Of the correctness of this opinion a doubt cannot be entertained. After the return term of the
 
 fieri facias,
 
 the authority of the Sheriff to seize property under the writ was at an end. The mandate of the writ expired by its very limitation. The re-issuing of the expired writ, and the indorsation of
 
 alias
 
 thereon, did not change its tenor nor give a new mandate. A Sheriff cannot levy without an existing authority. And, with respect to lands whereon he has made a valid levy, he cannot, after the return of the writ, proceed to a sale, until a new writ shall be issued, communicating that authority. Den ex dem.
 
 Barden
 
 v
 
 M‘Kinnie,
 
 4 Hawks 279.
 
 Seawell
 
 v
 
 Bank of Cape
 
 Fear, 3 Dev. 279.
 

 Per CuRiAM.
 

 Judgment affirmed.